Our presently relaxed rules of pleading are bait for the unwary attorney who carelessly drafts his pleadings, planning to "liberally" amend at a later date to correct errors and omissions. In some situations, failure to fully develop legal theory prior to the filing of a complaint and lack of precision in pleading can cause critical error which will bar a plaintiff's pursuit of a remedy for injury. An issue addressed in the instant case is illustrative.
Here, we considered the relation back principles of ARCP 9 (h) and 15 (c) and held that plaintiffs/appellees should have stated a cause of action in the body of their original complaint against the fictitious parties which were named as defendants. Because they did not, we held that their claims against these defendants were barred by the statute of limitations. This holding was based on our numerous decisions standing for this very proposition. Noncompliance with the requirements for pleading a cause of action against a fictitious party is commonplace. Attorneys often simply name fictitious parties in the caption of their pleadings and then completely fail to state a cause of action against them. Because this is such a prevalent error, I have determined to take this opportunity to illustrate, by example, the proper drafting of a complaint where fictitious parties are named.
There are many circumstances where a plaintiff might find it advisable to name fictitious parties as defendants. For instance, it would be necessary where "John Doe" is injured by an automobile with faulty brakes and desires to preserve a cause of action against the sellers, suppliers, manufacturers, or assemblers of various components of the braking system whose actual names are unknown at the time of filing suit. He might name the unknown defendants in the caption of his complaint as follows:
"JOHN DOE,
"PLAINTIFF,
vs.
 "RICHARD ROE; TRUCK LINES, INC., a corporation; and A, B, C, D, E, whose more correct names and entities are unknown to plaintiff, but will be added by amendment hereto when ascertained,
"DEFENDANTS."
By naming the fictitious parties in the caption, Doe has not preserved his cause of action against them. The body of his complaint must set forth allegations of wrongdoing by the fictitious parties. To preserve his cause of action against such parties, the body of Doe's complaint could be drafted, in pertinent part, as follows:
"* * *
 "The defendants, A, B, C, D, E, whose more correct names and entities are unknown to the plaintiff, but which will be more correctly named and identified when ascertained by him, are the respective manufacturers, assemblers, suppliers, or sellers of the various components of the braking system on the car hereinabove described.
"* * *
 "Plaintiff alleges that he suffered all his said wounds, injuries, losses and damages as a proximate consequence of the negligence of all or one or more of defendants in that the defendants, Truck Lines, Inc., A, B, C, D, E, negligently supplied, manufactured, assembled or sold said car or the braking system thereon or some component of said braking system, when said braking system or some component thereof was not reasonably *Page 969 
safe when used in the ordinary or intended manner.
"* * *"
As can readily be seen, where there is an ascertainable cause of action against the unknown parties when suit is filed, as in Doe's case, it is a simple matter to articulate it along with the allegations of wrongdoing against known parties, in the complaint. This is all that is required to invoke the relation back principle of ARCP 9 (h) and 15 (c) and to preserve a cause of action against defendants whose names are unknown at the time of filing. It is remarkable that such a simple and practical rule of pleading is so often overlooked.
FAULKNER, J., concurs.